IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
CIVIL ACTION NO.:  2:24-cv-06340-BHH

THE TRAVELERS INDEMNITY ）
COMPANY, as subrogee of ）
Lat Purser Associates, Inc., ）
 ）
      Plaintiff, ）
 ）
v. ）
 ）
BRADFORD BLACKWELL d/b/a ）
BPCO CONSTRUCTION and ）
AMGUARD INSURANCE COMPANY, ）
 ）
      Defendants. ）

## **COMPLAINT**

COMES NOW the Plaintiff THE TRAVELERS INDEMNITY COMPANY, as subrogee of Lat Purser Associates, Inc., by and through its undersigned attorneys, complaining of the defendants Bradford Blackwell d/b/a BPCO Construction and AmGuard Insurance Company and alleges the following:

## **THE PARTIES**

1.     Plaintiff The Travelers Indemnity Company as subrogee of Lat Purser Associates, Inc. ("Travelers") is a corporation duly organized under the laws of the State of Connecticut, having its principal place of business at One Tower Square, Hartford, Connecticut. Travelers is in the business of writing property and casualty insurance coverage and is duly licensed and authorized to do business in the State of South Carolina.

2.     Plaintiff's subrogor Lat Purser Associates, Inc. (hereinafter referred to as "Lat Purser") is a company organized and existing under the laws of the State of North Carolina with its principal place of business at 4530 Park Road, Suite 410, Charlotte, North Carolina 28209. At

all relevant times, Lat Purser was the managing agent for Liberty Office, LLC which owned the 6-story Liberty Center Office building at 151 Meeting Street, Charleston, South Carolina ("The Building").

3.      At all times relevant hereto, Travelers provided property insurance coverage to Lat Purser pursuant to policy number KTK-CMB-3K25263-0-22 against losses from certain perils and causing certain damages to the building and under which said insurance policy was in full force and effect.

4.      Defendant Bradford Blackwell d/b/a BPCO Construction (hereinafter referred to as "BPCO Construction") is a South Carolina citizen who resides and conducts business at 1010 West Boundary Street, Unit D, Summerville, South Carolina 29485.  At all times relevant hereto, Defendant BPCO Construction was engaged in the commercial and residential plumbing and mechanical contracting business.

5.      AmGuard Insurance Company (hereinafter referred to as "AmGuard Insurance Company"), is a Nebraska Corporation, with a principal place of business at 39 Public Square, Wilkes-Barre, PA 18703. AmGuard is in the business of writing property and liability insurance coverage and is duly licensed and authorized to do business and issue insurance policies in the State of South Carolina. Pursuant to South Carolina Code 38-5-70, AmGuard Insurance Company may be served with process by serving its legal agent for service of process: The South Carolina Director of Insurance, 1201 Main Street, Suite 1000, Columbia, South Carolina 29201.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332, because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens

of different states in that the citizenship of plaintiff is completely diverse from the citizenship of the defendant.

7.      Venue is appropriate in the United States District Court for the District of South Carolina pursuant to 28 U.S.C. §1391, in that the events and acts and omissions giving rise to this action occurred in the District of South Carolina.

## FACTUAL ALLEGATIONS

8.      On or about November 13, 2022, a capped PVC pressure fitting ("PVC Cap") to a toilet in a bathroom under renovation on the 5th floor of the building failed under pressure and resulted in water flooding and damaging portions of the building (hereinafter referred to as the "Incident").

9.      The PVC cap had been installed by defendant BPCO Construction.

10.     The use of the PVC cap, inside the building, violated the PVC cap manufacturer's installation instructions and manual.

11.     At all relevant times, AmGuard Insurance Company provided liability insurance coverage for BPCO Construction/Brad Blackwell under Businessowners Policy No. BRBP336881 and an Umbrella Liability Policy No. BRBP268630.

12.     As a direct and proximate result of the water Incident, and pursuant to its policy of insurance with Lat Purser, Travelers Indemnity paid to Lat Purser Three Million Eight Hundred Fifty Thousand Eight Hundred Fifty-Eight and 70/100 Dollars ($3,850,858.70).  As a result of its payments, Plaintiff Travelers Indemnity is subrogated to the rights of Lat Purser to recover damages from third-persons, to the extent of the payments made by Plaintiff Travelers Indemnity.

13.    On January 18, 2024, Travelers submitted a settlement demand to defendant BPCO

Construction's liability carrier, AmGuard Insurance Company, which included documents

supporting the damages incurred by Travelers Indemnity Company because of the Incident.

14.    AmGuard Insurance Company, on behalf of defendant BPCO Construction, failed

or refused to respond to the Travelers January 18, 2024 settlement demand.

15.    On April 25, 2024, Travelers submitted a *Tyger River* time-sensitive policy limit

settlement demand to BPCO Construction, copied to AmGuard Insurance Company, for

$3,000,000.00, the limits of the AmGuard insurance policies, inuring to BPCO Construction's

benefit for Travelers Indemnity Company's subrogation claim arising from the Incident.[1]

16.    Travelers Indemnity's settlement offer contained the following material terms:

> (1) in return for a full and complete release its claims against BPCO
> Construction arising from the incident, Travelers Indemnity would
> accept $3,000,000.00, the limits of the AmGuard Insurance
> policy(s), inuring to BPCO Construction's benefit for the Incident
> and;

> (2) The acceptance of the $3,000,000.00 policy limits was
> conditioned on BPCO Construction confirming the limits of
> available insurance with AmGuard Insurance and affirming that
> there was no other insurance available to respond to Travelers
> Indemnity's claim.

17.    On May 3, 2024, BPCO Construction accepted Travelers Indemnity's *Tyger River*

time-sensitive policy limit settlement demand for $3,000,000.00 and affirmed that it has no other

applicable liability insurance policy that would provide insurance coverage for Travelers

Indemnity Company's claims (hereinafter referred to as the "Settlement Agreement").  BPCO

Construction/Brad Blackwell stated:

> I accept the Tyger River Policy Limit Demand of $3,000,000 that
> my insurance will pay. I also accept the full and complete release of

---

[1] Plaintiff's April 25, 2024 time-sensitive Settlement Demand letter is attached as Exhibit "1".

any claims it has against me. This is the only insurance that I had in
place at the time of the loss.[2]

18.    At no time has AmGuard Insurance Company advised Plaintiff that it had submitted

any Reservation of Rights letters to BPCO Construction contesting its acceptance of the *Tyger

River* Policy time-sensitive Limit Demand, nor has BPCO Construction rescinded its acceptance

of the *Tyger River* time-sensitive Policy Limit Demand.

19.    In conformance with the *Tyger River* time-sensitive Policy Limit Demand

conditions, on August 13, 2024, AmGuard Insurance Company confirmed its available

$3,000,000.00 in total liability limits by providing a copy of the declarations pages for its primary

policy and umbrella policy.[3]

20.    Travelers Indemnity Company has provided an executed release to BPCO

Construction/AmGuard Insurance Company providing a full and final release of its claims against

BPCO Construction and AmGuard Insurance Company for Travelers Indemnity Company's

damage arising from the Incident. [4]

21.    BPCO Construction/AmGuard Insurance Company have failed or refused to issue

payment to Travelers Indemnity Company.

22.    BPCO Construction has breached its Settlement Agreement with Plaintiff Travelers

Indemnity Company.

23.    Pursuant to the terms of the Settlement Agreement, all conditions precedent have

occurred or been performed by Travelers Indemnity Company.

---

[2] BPCO Construction/Brad Blackwell's May 3, 2024 Acceptance letter is attached as Exhibit "2".
[3] AmGuard Insurance Company's August 13, 2024 email with copies of the primary and umbrella insurance policy's
is attached as Exhibit "3".
[4] Travelers Indemnity Company's Executed Release is attached as Exhibit "4".

## COUNT I – DECLARATORY JUDGMENT
### (TRAVELERS INDEMNITY COMPANY V. DEFENDANTS AMGUARD INSURANCE AND BPCO CONSTRUCTION)

24.    Plaintiff incorporates paragraphs 1-23 by reference as if fully set forth herein.

25.    This Declaratory Judgment action is brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57.

26.    An actual, present and justiciable controversy has arisen between Travelers Indemnity Company as subrogee of Lat Purser and BPCO Construction/AmGuard Insurance Company concerning the settlement of Travelers Indemnity Company's subrogation claim under the Settlement Agreement.

27.    In addition, an actual, present and justiciable controversy has arisen between Travelers Indemnity Company as subrogee of Lat Purser and BPCO Construction/AmGuard Insurance Company concerning whether BPCO Construction/AmGuard Insurance Company has complied with the terms of the Settlement Agreement.

28.    Travelers Indemnity Company maintains that under the plain language of the Settlement Agreement, BPCO Construction/AmGuard Insurance Company must pay Travelers Insurance Company the sum of $3,000,000.00.

29.    Travelers Indemnity Company made demand for payment of the settlement funds upon BPCO Construction/AmGuard Insurance Company under the Settlement Agreement and Defendants have failed or refused that demand for payment.

30.    All conditions precedent to bringing this action have been met.

31.    WHEREFORE, Travelers Indemnity Company as subrogee of Lat Purser seeks a declaratory judgment from this Court that the Settlement Agreement requires BPCO

Construction/AmGuard Insurance Company to pay Travelers Indemnity Company the sum of $3,000,000.00 (Three Million Dollars and No/100 Dollars).

## COUNT II – BREACH OF CONTRACT
## (TRAVELERS INDEMNITY V. BPCO CONSTRUCTION)

32.    Plaintiff re-alleges Paragraphs 1 through 23 and incorporates the same herein by reference.

33.    On April 25, 2024, Travelers Indemnity Company offered to settle its subrogation claim with BPCO Construction for $3,000,000.00, the limits of the available policy limits afforded by AmGuard Insurance Company for this Incident.

34.    On May 3, 2024, BPCO Construction accepted Travelers Indemnity's settlement offer for $3,000,000.00.

35.    AmGuard Insurance Company, on behalf of BPCO Construction confirmed that there is $3,000,000.00 in total insurance limits inuring to BPCO Construction's benefit for Travelers Indemnity's claim.

36.    Travelers Indemnity Company has provided BPCO Construction/AmGuard Insurance Company with an executed release of its claims against BPCO Construction for the Incident.

37.    Defendant BPCO Construction, because of its conduct, breached the Settlement Agreement by failing or refusing to pay Travelers Indemnity Company the amount of Three Million Dollars ($3,000,000.00).

38.    As a direct and proximate result of Defendant BPCO Construction breach of its Settlement Agreement, Plaintiff Travelers Indemnity suffered damages in an amount of Three Million Dollars ($3,000,000.00).

WHEREFORE, Plaintiff seeks relief as follows:

1.    That this Court enters Judgment in favor of Plaintiff Travelers Indemnity Company and against Defendant BPCO Construction in the amount of Three Million Dollar ($3,000,000.00), together with pre-judgment interest and its attorneys' fees, as allowed by law.

2.    That Plaintiff recovers its costs from defendant.

3.    For such other and further relief as this Court deems just and proper.

This the 6th day of November, 2024.

SALTZ NALIBOTSKY

*/s/ Albert S. Nalibotsky*
Albert S. Nalibotsky
SC Bar No.:  65469
Peter F. Asmer, Jr.
SC Bar No.:  64211
6601 Carnegie Blvd., Suite 440
Charlotte, North Carolina 28211
Phone: 704-910-2680
Email:  analibotsky@s-nlaw.com
          pasmer@s-nlaw.com
*Counsel for Plaintiff*